TURNER (FENDALL v.)    See Case No. 4,-727.

TURNER (FLETCHER v.).    See Case No. 4,-867.

———

## Case No. 14,255.

### TURNER v. FOXALL.

[2 Cranch, C. C. 324.] [1]

Circuit Court, District of Columbia.   May Term, 1822.

SLANDER—SPECIAL DAMAGE—TRIAL—PLEADING AT LAW—BAD COUNTS IN DECLARATION—ARREST OF JUDGMENT.

1. In an action of slander, if the declaration contain some good, and some bad, counts, the court will refuse a general instruction to the jury that the plaintiff cannot recover without proof of the facts stated in the good counts; the question whether the other counts are, or are not, good, being properly a question arising upon a motion in arrest of judgment.

2. Words, spoken in relation to the credit of a holder of shares in the joint stock of a boat, are actionable if special damage thereby be alleged in the declaration; but the averment of such special damage is not sufficient to support the action without the averment of a colloquium respecting the plaintiff as a shareholder in the boat, and that is was a business requiring credit.

3. In mitigation of damages, the defendant may give evidence of the general reputation of the plaintiff's want of punctuality in payment of his debts.

[Cited in Duval v. Davey, 32 Ohio St. 611.]

4. If one of the counts be bad, and the verdict be general, the judgment must be arrested.

5. Handwriting cannot be proved by comparing the paper in dispute with other papers acknowledged to be genuine.

6. If a witness upon his cross-examination has sworn falsely, in the opinion of the jury, upon an immaterial point, it is competent for them to give their verdict upon his testimony in chief upon other points corroborated by other testimony.

7. After the jury has retired to consider of their verdict the court will not instruct them upon any matter at the motion of either of the parties. If the jury asks instruction in matter of law the court will give it.

8. A motion in arrest of judgment, and for a new trial, may be made at the same time, but the motion in arrest will be first heard.

This was an action of slander, for words spoken of the plaintiff [Samuel Turner]. The declaration contained four counts.

1. The first count avers that the plaintiff at the time, &c., was engaged with a certain

[1] [Reported by Hon. William Cranch, Chief Judge.]

John Eveleth, and others, in the building of a boat for passage and transportation, as a shareholder therein, and always ready, able, and willing to pay his share of the capital stock in the said business and boat, and was in good credit, and always able and willing to pay all his just debts. That [Henry Foxall] the defendant knowing the premises, intending to bring the plaintiff into discredit and disgrace with the persons concerned in building the boat, and to exclude the plaintiff from any further share in the boat, and to deprive him of the share which he then held, &c., in a certain conversation which the defendant had with the said John Eveleth, of and concerning the plaintiff as a person concerned in the said boat, and as a stockholder therein, and of and concerning the plaintiff's interest therein, &c., and of and concerning the plaintiff's circumstances and character, spoke, in the hearing of the said John Eveleth, the words following, of and concerning the plaintiff, and his share and interest in the boat and business, and of the plaintiff as a shareholder therein, and of the sum which he was to pay towards the stock thereof, and of and concerning his character and circumstances, namely, "He will never pay his part. If he had eight times eight thousand dollars, it would not pay his debts."

2. The second count, after stating a similar colloquium, charges the following words addressed to the said John Eveleth, namely, "Did you ever know him (the plaintiff) speak except in a low whisper calculated to deceive? He (the plaintiff) will lie, and cheat his creditors."

3. The third count, avers that in another conversation with Eveleth concerning the plaintiff, his character, circumstances, integrity, solvency, ability, and willingness to pay his debts, the defendant said to the said Eveleth, the following words of and concerning the plaintiff as aforesaid; "If he had eight times eight thousand dollars it would not pay his debts."

4. The fourth count, after stating another colloquium like that in the third count, with Eveleth, charges that the defendant said, "Did you ever hear him speak except in a low whisper calculated to deceive? He is a deceptive fellow. He will lie, and cheat his creditors. He is a lying cur. He is a lying puppy." By means of the speaking of which several false, scandalous, and malicious words, the said plaintiff became and was much injured in his good name, &c., and hath been deprived of his credit, and was by means thereof so far injured in the good esteem and opinion of the citizens of the District of Columbia, and of the said John Eveleth, that he was wholly excluded by the said John from all share in the said boat and the stock and shares thereof, and refused to be allowed to take any further interest therein, and was thereby deprived of the profits of the said undertaking, boat, and stock, of great value, to wit, of the value of $1,500; and is otherwise greatly injured, &c., to his damage $5,000. Upon the trial on the general issue, at December term, 1818, in Washington,

Mr. Key and Mr. Caldwell, for defendant, contended that none of the words charged in the declaration were actionable per se, and moved the court to instruct the jury, that if they should be of opinion from the evidence that the plaintiff sustained no special damage by not being permitted to participate more largely in the stock of the boat, the plaintiff cannot recover. They contended that the words spoken of the pecuniary credit of a man are only actionable when spoken of a trader. Morris v. Langdale, 2 Bos. & P. 284; Ludwell v. Hole, Ld. Raym. 1417.

Mr. Wiley and Mr. Jones, contra. The plaintiff, so far as he was concerned in the boat, was a trader. It is not necessary to prove him to be a merchant. 4 Har. & McH. 537, 540. The question whether the words are actionable per se should be reserved for a motion in arrest of judgment, and is not to be decided upon the trial.

THE COURT (nem. con.) refused to give the instruction.

THRUSTON, Circuit Judge, thought the words actionable as having been spoken of the plaintiff in regard of his holding the stock in the boat.

CRANCH, Chief Judge, and MORSELL, Circuit Judge, were of opinion that if the jury should be satisfied that the plaintiff was, in consequence of the words spoken, prevented from increasing his share in the stock, it was sufficient to support the action.

MORSELL, Circuit Judge, was also of opinion that the words were not actionable without proof of the special damage.

CRANCH, Chief Judge, was inclined to the same opinion, but not being called upon for any opinion upon that point, gave none.

THE COURT (nem. con.) permitted the defendant, in mitigation of damages, to give evidence that the plaintiff was generally reputed to be not punctual in the payment of his debts.

The jury found a general verdict for the plaintiff, with $1,000 damages.

Mr. Key, for defendant, moved in arrest of judgment, and for a new trial.

Mr. Jones, for plaintiff, objected that both motions could not be made at the same time.

Mr. Key answered that the practice of this court was to hear the motion in arrest first, and if that should be overruled, then to hear the motion for a new trial.

Upon the motion in arrest of judgment.

Mr. Redin and Mr. Caldwell, for defendant, contended,

1. That the words were not actionable per se, for they neither charge the plaintiff with a crime, nor a contagious disease. Holt v. Scholefield, 6 Term R. 694; Holt, Libels, 189, 222.

2. The words are not charged as having been spoken of the plaintiff in regard to any office, or as being a trader, or as being con-

cerned in any trade or occupation by which he made a living, or profit, or any other business which could be injured by words affecting his credit. Morris v. Langdale, 2 Bos. & P. 287; Todd v. Hastings, 2 Saund. 307; Davies v. Jones, T. Raym. 62; Brown v. Hook, 1 Brownl. & G. 5; Viccarye v. Barns, Styles, 213, 217; Savile v. Jardine, 2 H. Bl. 532; Holt, Libels, 222.

The third and fourth counts have no colloquium respecting the plaintiff as a shareholder in the boat, and as the special damage was incurred by him only in that character the plaintiff cannot recover on those counts; and he cannot recover upon the first and second counts, because the special damage alleged, is not stated in those counts; and because the plaintiff has not averred that he made gain, or got a living by the boat.

3. The special damage is not sufficiently laid. He avers that he was excluded from all share in the boat, &c. If he was wrongfully excluded by Eveleth he had his remedy by action against him, and therefore cannot recover in this action for that injury. Morris v. Langdale, 2 Bos. & P. 288; Vicars v. Wilcocks, 8 East, 1. As to the refusal to permit the plaintiff to increase his share in the boat, no request is averred, and without a request he could sustain no damage. Wallis v. Scott, 1 Strange, 89; Com. Dig. tit. "Pleader," C; Bach v. Owen, 5 Term R. 409; Peck v. Methold, 3 Bulst. 298; Devenly v. Welbore, Cro. Eliz. 85; Birks v. Trippet, 1 Saund. 33. If either count is bad, the judgment must be arrested; for the verdict is general, and non constat that the jury has not found the damages upon the bad count. 6 Bac. Abr. (Guillim) 219; 8 Went. 287; 1 Har. Ent. 669; Bull. N. P. 7. As to what is to be considered as special damage. 1 Saund. 243, in a note.

Mr. Ashton and Mr. Jones, contrá. The English law of slander is not applicable to this country. Words tending to scandalize and bring the plaintiff into disrepute are here actionable per se; and if special damages upon one set of words only is proved to the value of ten cents only, it justifies the jury as to all the damages they may find for other words not actionable. If there be one good count the judgment cannot be arrested. Neal v. Lewis, 2 Bay, 204. It was not necessary to prove that the plaintiff was a merchant to make actionable the words spoken of his credit. In this country every man depends more or less on his credit, and words injuring his credit are actionable per se. The damages stated in the conclusion of the declaration are applicable to all the counts. The court must presume that every thing was proved which it was necessary to prove, in order to sustain the verdict. The loss of the use of the plaintiff's share in the boat is a sufficient special damage. After verdict a request will be presumed, if it were necessary to sustain the verdict. 1 Sellon, 499, 500. The colloquium in the first and second counts and the averment of spe-

cial damages apply to the third and fourth counts, and will support the verdict on those counts, although the words in the third and fourth counts are not actionable per se. Words, spoken of a person in any business, and which may injure him in such business, are actionable without proof of special damage. It is not necessary to aver that the plaintiff may gain or got his living by such business. It was a business which required capital, and therefore required credit. It was not necessary therefore to aver special damage. The exclusion of the plaintiff from the share in the boat was not a tortious act, for which he could maintain an action.

Mr. Key, in reply. The words, to be actionable, must be applicable to his business, and must tend to injure him in his business. Words spoken of a man's pecuniary credit are not actionable unless he gets his living by a business requiring pecuniary credit. The colloquium in the first and second counts cannot be transferred to the third and fourth. There is nothing to connect them. The special damage therefore cannot refer to these counts. 1 Chit. 397; 2 Chit. 261, in note; Craft v. Boite, 1 Saund. 246, in note; Morris v. Langdale, 2 Bos. & P. 287; Vicars v. Wilcocks, 8 East, 1; 1 Chit. 389.

THE COURT (THRUSTON, Circuit Judge, contrà), arrested the judgment, on the ground that the third and fourth counts were bad for want of a colloquium averring a trade or business requiring credit. The plaintiff, by leave of court, filed a new declaration. The cause was afterwards, at April term, 1821, transferred to Alexandria county to be tried, upon the defendant's suggestion and affidavit that he could not have a fair trial in Washington. At November term, 1821, at Alexandria, the jury found a verdict for the plaintiff and $1,000 damages, and a new trial was granted on the prayer of the defendant, upon payment of the costs. The cause came on for trial again in Alexandria, at May term, 1822. The defendant attempted to prove that the plaintiff's witness, John Eveleth, had perjured himself, in this cause, by swearing that he did not write a certain letter, purporting to be a letter from one Benjamin F. Clarke, dated at Baltimore, May 15, 1821, to Mr. Foxall, inquiring about the reputation of the person who had built a mud-machine for the corporation of Georgetown, who was in fact the same John Eveleth; and in order to prove the letter to be in the handwriting of Eveleth, the defendant produced another letter which the witness, Eveleth, admitted to be in his handwriting, and called Daniel Kurty, as a witness skilled in handwriting, and asked him to examine them and say whether the one handwriting was not like the other.

The plaintiff's counsel objected to this kind of evidence, and THE COURT (THRUSTON, Circuit Judge, absent), said that the evidence was not proper. It was mere comparison of handwriting, which is not evidence. Phillips, in his treatise on Evidence (page 371), says,

"It is an established rule of evidence that handwriting cannot be proved by comparing the paper in dispute with any other papers acknowledged to be genuine." After the argument of counsel was closed and before the jury retired from the bar to consider of their verdict, they proposed to the court the following written question: "Should the jury believe that the defendant is guilty of the slander, and also believe that the witness wrote the letter from Baltimore, can they find damages on his, and other evidence?"

To which THE COURT (THRUSTON, Circuit Judge, absent) gave the following answer: "The jury are the sole judges of the credibility of the witnesses, and to decide upon the whole evidence whether the defendant is guilty of uttering and publishing the slanderous words charged in the declaration." This opinion was given without any argument or observation from the counsel in the cause. The defendant's counsel were not present. After they came in, and after the jury had retired to their room, Mr. Key, one of the defendant's counsel, prayed the court to add to their instruction to the jury, the following words: "But the jury cannot find the defendant guilty of speaking the words, unless there is credible testimony of that fact; and if they believe that the only witness, proving the words to be spoken, has committed perjury, in his evidence, they cannot find for the plaintiff."

THE COURT refused to make this addition to the instruction which they had given to the jury; and MORSELL, Circuit Judge, said that the testimony of a witness, who may have sworn falsely upon his cross-examination upon a collateral immaterial point, may, if corroborated by other evidence, be received by the jury, and a verdict may be found upon his and such other corroborating evidence.

This was not denied by CRANCH, Chief Judge, as being the opinion of the court; but THE COURT said they would not send the instruction asked by the defendant's counsel after the jury had retired, nor any other instruction than the one given. The jury again found a verdict for the plaintiff with $1,000 damages.

Mr. Key and Mr. Taylor, for defendant, moved for a new trial, and as reasons therefor, alleged, (1) That the court refused to instruct the jury, after they had retired to consider of their verdict, as requested by the defendant's counsel. (2) That one of the jurors, after they had been permitted to separate, under a charge, from the court, not to hold any conversation on the subject with any person, did hold a conversation with one of the plaintiff's witnesses upon the subject of Eveleth's credibility.

1. The court, instead of instructing the jury as they did, should have instructed them that if they believed that Eveleth had perjured himself in respect to the letter, they could not find their verdict for the plaintiff upon his testimony, although corroborated in regard to the point in issue. King v. Atwood, McNally, 197; Eveleth was perjured in this cause. Falsus in uno, falsus in omnibus, 4 Inst. 279; The St. Nicholas, 1 Wheat. [14 U. S.] 430; Gilb. Ev. 136; 3 Caines, 12.

2. Upon the misbehavior of the juror, he read the affidavit of a witness who heard the juror say that he believed Eveleth, the witness, was perjured in relation to the letter of Benjamin F. Clarke, but that he had founded his verdict for the plaintiff on the said Eveleth's testimony. Trials per Pais, 12; Knight v. Inhabitants of Freeport, 13 Mass. 220.

Mr. Jones and Mr. Swann, contra. Here have been three verdicts against the defendant, and the statute of Virginia of the 19th of December, 1792 (section 34) forbids the court to grant to the same party more than two new trials.

1. If the witness swore falsely in an immaterial point it only goes to his credit, of which the jury is to judge. They may, especially if corroborated, believe him upon other points.

2. If the court had given the instruction asked by the defendant's counsel after the jury had retired, it would have, in effect, been an exclusion of the testimony of the witness. The alleged false swearing was upon a point wholly immaterial to the issue, and the witness could never have been convicted of perjury upon that false swearing. Rex v. Teal, 11 East, 308, 309.

Mr. Key, in reply. The court is not limited to any number of new trials. Goodwin v. Gibbons, 4 Burrows, 2108; Tindal v. Brown, 1 Term R. 171. The point, upon which the false swearing was, was a material point; because the character of Eveleth was in issue, and the letter was written to obtain something in support of it.

THE COURT (THRUSTON, Circuit Judge, absent, but being of the same opinion) refused the new trial, because the defendant had, in effect, had the full benefit of two new trials. Each trial had been full and fair, and three verdicts had been rendered against him. Because the court was not satisfied that any of the jurors had been guilty of any improper conduct; and because the court was still of opinion that the jury, if from the corroborating evidence they were satisfied upon the whole evidence that the defendant was guilty of speaking the words as laid in the declaration, did right in giving their verdict for the plaintiff, although they may have believed that the witness wilfully swore falsely in regard to the letter.